# CASES DETERMINED

## IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA.

AT A SPECIAL TERM THEREOF HELD AT WHEELING, IN
THE COUNTY OF OHIO, COMMENCING ON THE SIX-
TEENTH DAY OF OCTOBER 1877, AND
ENDING ON THE FIFTEENTH DAY
OF DECEMBER 1877.

---

## MODISETT, EX'R *v.* DAYTON, &c.

### Decided October 25, 1877.

1. A circuit court rendered a final judgment for debt in favor of
M., executor, against David J. on the 19th day of November
1867. On the 19th day of November 1872, M., executor, ob-
tained on petition an appeal to the Supreme Court of Appeals
from said judgment without the filing of an undertaking, and
afterwards, on the 22d of January 1873, M., executor, filed
the record of the cause with the clerk of the Supreme Court
of Appeals. HELD:

1877.
Special Term.

Under our statutes applicable to such case, the appeal must be dismissed by reason of the record not having been filed with the clerk of the appellate court within five years from the date of the judgment appealed from.

An appeal obtained by the plaintiff, Augustus B. Modisett, executor of Wm. Pickins deceased, to a judgment in his favor, rendered by the circuit court of Barbour county, on the 19th day of November 1867, Judge Thomas W. Harrison presiding, against Spencer Dayton and Granville E. Jarvis:

The opinion of the Court sufficiently states the case:

No counsel appeared for the appellant.

*C. Boggess,* for appellees.

HAYMOND, JUDGE, delivered the opinion of the Court:

The appeal in this case was obtained by the plaintiff from a judgment in his favor for debt against the defendants, in the circuit court of Barbour county, on the 19th of November 1867. The appeal was granted, on the petition of the plaintiff, on the 19th day of November 1872, by Judge Maxwell, then one of the Judges of this Court, evidently under the provisions of the 10th section of chapter 135 of the Code of 1868 of this State. The record of the cause was not filed with the clerk of this Court until the 22d day of January 1873; and the writ was issued by the clerk of this Court on the 25th day of January 1873. At the June term 1876 the defendants below appeared in this Court, and moved the Court to dismiss this cause upon the ground, that the appellant failed to file the record of the cause with the clerk of this Court within five years next after the date of the judgment appealed from.

On the 25th day of June 1877 the cause was argued and submitted to the Court upon said motion to dismiss for the cause aforesaid, &c.

The 12th section of the Code of 1868 provides: " that no case shall be entered upon such docket, unless the record thereof is filed with the clerk of such court (meaning the appellate court) within five years next after the date of the judgment, decree or order appealed from."  The first Legislature convened under the Constitution of 1872 met in the fall of that year, and passed an act entitled : "An act regulating appeals, writs of error and *supersedeas*" which was approved December 21, 1872, and took effect by express provision on the 31st day of December 1872.  The 17th section of this act, which was in force at the time the record in this cause was filed with the clerk of this Court, provides that "no process shall issue upon any appeal, writ of error or *supersedeas*, allowed to or from a final judgment, decree or order, if, when the record is delivered to the clerk of the appellate court, there shall have elapsed five years since the date of such final judgment, decree or order ; but the appeal, writ of error or *supersedeas* shall be dismissed, whenever it appears that five years have elapsed since the said date, before the record is delivered to such clerk, or before such bond is given, as is required to be given before the appeal, writ of error or *supersedeas* takes effect."  The record of the cause in this case was not filed within five years from the date of the judgment from which the appeal in this cause was allowed; and under and by force of the legislation above cited we feel compelled to sustain the motion made by the appellant to dismiss the cause.

This cause must therefore be dismissed for the reasons above stated, and the appellees, Spencer Dayton and Granville E. Jarvis, recover against Augustus B. Modisett, (appellant) executor of the last will and testament of William Pickens deceased, their costs about this appeal in this Court expended, to be levied out of the assets in the hands of said executor unadministered.

APPEAL DISMISSED.